

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2002
Re: Is the Comptroller authorized to
issue duplicate warrant to the
true owner of an original warrant
where the original warrant is held
by a bank and is neither lost nor
destroyed, but the possession of
which is purposely withheld by
the bank from the true owner for
the reason that the bank has pre-
viously paid the warrant upon a
false or forged endorsement?

This will acknowledge receipt of your letter of
March 19, 1940, requesting an opinion of this department on
the above stated question.

Your letter reads as follows:

"Is this department authorized to issue
duplicate warrant to the true owner of an
original warrant where the original warrant is
held by a bank, and is neither lost nor des-
troyed, but the possession of which is pur-
posely withheld by the bank from the true owner
for the reason the bank has previously paid
the warrant upon a false or forged indorsement?

"I refer you to Article 4365, R. C. S.,
also to your opinion numbered O-896.

"This request is made with reference to
warrants other than unemployment compensation
warrants."

Article 4365, Vernon's Annotated Civil Statutes,
reads as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The Comptroller, when satisfied that any
original warrant drawn upon the State Treasurer
has been lost or destroyed, or when any certifi-
cate or other evidence of indebtedness approved
by the auditing board of the State has been lost,
is authorized to issue a duplicate warrant in
lieu of the original warrant or a duplicate or a
copy of such certificate, or other evidence of
indebtedness in lieu of such original; but no
such duplicate warrant, or other evidence of in-
debtedness, shall issue until the applicant has
filed with the Comptroller his affidavit, stat-
ing that he is the true owner of such instrument,
and that the same is in fact lost or destroyed,
and shall also file with the Comptroller his
bond in double the amount of the claim with two
or more good and sufficient sureties, payable
to the Governor, to be approved by the Comptrol-
ler, and conditioned that the applicant will
hold the State harmless and return to the Comp-
troller, upon demand being made therefor, such
duplicates or copies, or the amount of money
named therein, together with all costs that may
accrue against the State on collecting the same.
After the issuance of said duplicate or copy
if the Comptroller should ascertain that the same
was improperly issued, or that the applicant or
party to whom the same was issued was not the
owner thereof, he shall at once demand the
return of said duplicate or copy if unpaid,
or the amount paid out by the State, if so
paid; and, upon failure of the party to return
same or the amount of money called for, suit
shall be instituted upon said bond in Travis
County."

We quote from Texas Jurisprudence, Vol. 34, page
636, as follows:

"A state, municipal, county, district or
school warrant is an instrument, generally in
the form of a bill of exchange or order, drawn
by an officer upon the person having charge of
the public funds, directing him to pay an
amount of money specified to the person named,
or his order, or to bearer. In substance war-
rants are mere promises to pay the amount

Honorable George H. Sheppard, Page 3

specified; they are not bonds, nor are they negotiable instruments; they are only prima facie evidence of an indebtedness, serving as the convenient mode of conducting the public's business."

Article 4365, supra, defines the extent and limitation of the power of the Comptroller of Public Accounts of the State of Texas to issue duplicate warrants. The statutes of the state are silent upon the authority of the Comptroller to issue duplicate warrants except in the express instance of loss or destruction. Consequently, where a warrant is still in existence the Comptroller has no authority to issue a duplicate.

In our opinion No. 0-385, it was held that: "It is our opinion that Article 4365 prohibits the issuance of a duplicate warrant where the loss or destruction of the original has not been called to the attention and proved to the satisfaction of the Comptroller in the manner provided in said statute."

Under the facts and circumstances stated in your letter, we are of the opinion that the proper procedure would be for the owner of the warrant in question to institute proceedings for the possession of the warrant against the party holding said warrant from him.

In view of the foregoing, your question is respectively answered in the negative.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    *Ardell Williams*

Ardell Williams
Assistant

AW:GO     APPROVED MAR 28, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN